## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MIRANDA SUE CASE,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DA-0752-25-1067-I-1 |
| v. | |
| DEPARTMENT OF JUSTICE,<br>　　　　　　Agency. | DATE:  August 4, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Miranda Sue Case, Texarkana, Arkansas, pro se.

Douglas S. Goldring, Esquire, Washington, D.C., for the agency.

Kathryn E. Cronin, Esquire, Philadelphia, Pennsylvania, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal for failure to prosecute.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The appellant filed the instant appeal on May 16, 2025, to challenge her 18-day suspension from the agency. Initial Appeal File (IAF), Tab 1. Over the following months, the administrative judge issued numerous orders and scheduled a couple of conferences with the parties. *E.g.*, IAF, Tabs 4, 7, 8. However, the appellant did not respond to these orders or appear for the conferences. This persisted even after the administrative judge issued a July 24, 2025 order instructing the appellant to show cause why the appeal should not be dismissed for failure to prosecute.[2] IAF, Tab 12. Consequently, the administrative judge dismissed the appeal for that reason on August 12, 2025. IAF, Tab 13, Initial Decision (ID).

On the same day as the initial decision, the appellant filed her petition for review. Petition for Review (PFR) File, Tab 1. Without further explanation, the appellant states that she "was in an active bipolar episode," but is now better. *Id.*

---

[2] Aside from her initial pleading, the only submission by the appellant was a request for an extension of time dated July 10, 2025. IAF, Tab 10. The administrative judge denied the request the following day. IAF, Tab 11. She explained that the record did not close until August 1, and there was a conference scheduled for July 24, 2025, where the appellant could renew her request for extension if it were still needed at that time. *Id.*

at 3. She also states that she was unaware that the administrative judge was trying to contact her. *Id.* The appellant attached a brief medical note and record, indicating that she was receiving inpatient care for unspecified reasons from June 7-19, 2025. *Id.* at 4-5.

The sanction of dismissal with prejudice may be imposed if a party does not prosecute or defend an appeal. *Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 6 (2015); *Davis v. Department of Commerce*, 120 M.S.P.R. 34, ¶¶ 17-19 (2013); 5 C.F.R. § 1201.43(b). Such a sanction should be imposed only when a party has not exercised basic due diligence in complying with Board orders or a party has exhibited negligence or bad faith in its efforts to comply. *Leseman*, 122 M.S.P.R. 139, ¶ 6. Although the failure to obey a single order does not ordinarily justify dismissal for failure to prosecute, when an appellant's repeated failure to respond to multiple Board orders reflects a failure to exercise basic due diligence, the sanction of dismissal for failure to prosecute has been found appropriate. *Turner v. U.S. Postal Service*, 123 M.S.P.R. 640, ¶¶ 14-16 (2016), *aff'd per curiam*, 681 F. App'x 934 (Fed. Cir. 2017); *Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 9 (2011); *see Heckman v. Department of the Interior*, 106 M.S.P.R. 210, ¶ 16 (2007). In a case like this one, when an appellant's repeated failure to comply with Board orders reflects a lack of due diligence, and the appellant has been warned of the consequences of such conduct, the sanction of dismissal for failure to prosecute is appropriate. *Turner*, 123 M.S.P.R. 640, ¶ 16; *Leseman*, 122 M.S.P.R. 139, ¶ 7.

In the instant appeal, the appellant did not file a response to any of the administrative judge's orders, did not file a close of record submission, and did not appear at the close of record conference, despite warnings that this could result in dismissal. IAF, Tabs 7-9, 11-12; ID at 2-3. Under the circumstances, we agree with the administrative judge's dismissal for failure to prosecute. *See, e.g.*, *Leseman*, 122 M.S.P.R. 139, ¶¶ 3-4, 7 (upholding a dismissal for failure to

prosecute after the appellant did not appear at two conferences, did not submit a close of record submission, and did not respond to an order to show cause).

The appellant's limited argument and evidence submitted on petition for review do not warrant a different result.  As an initial matter, under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed before the administrative judge despite the party's due diligence.  *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980).  In any event, the appellant's documented hospitalization from June 7-19, 2025, does not explain or excuse her inaction in the face of subsequent orders and status conferences, including ones dated June 25 and July 24, 2025.  *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision); IAF, Tabs 4, 7, 8, 12.  The same is true of her brief assertion that she experienced a bipolar episode and was unaware that the administrative judge was trying to contact her.  To the extent the appellant may be suggesting that she did not receive the administrative judge's orders, she is registered as an e-filer, and, as such, she is deemed to have received the orders on the date of electronic submission.  PFR File, Tab 1 at 3; *see* 5 C.F.R. § 1201.14(*l*)(2).  For all these reasons, the appellant's petition for review is denied.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court

of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.